IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBIN M. LEE,              ) | CIV. NO. 13-00552 DKW/RLP |
| )                          | |
| Petitioner,       ) | |
| )                          | DISMISSAL ORDER |
| vs.                        ) | |
| )                          | |
| IRS/U.S. TREASURY, U.S.    ) | |
| ATTORNEYS, DIST. OF HAWAII, ) | |
| JUDGE HELEN GILMORE, U.S.  ) | |
| MAGISTRATE KEVIN CHANG,    ) | |
| )                          | |
| Respondents.      ) | |
| _____ ) | |

## DISMISSAL ORDER

Petitioner Robin M. Lee is a federal pre-trial detainee who is currently confined at the Clark County Detention Center, located in Las Vegas, Nevada. Lee seeks a writ of habeas corpus to dismiss federal criminal charges pending against him in *United States v. Lee*, Cr. No. 13-00860 LEK. *See* Pet., ECF No. 1 ("Writ of Habeas Corpus, Petitioners [sic] Demand for an Order That His Racketeering And Fraud Charges Be Dismissed per 14th Amendment Violations"). Because Lee is a federal detainee under federal indictment, the court construes this Petition as

brought pursuant to 28 U.S.C. § 2241(c)(1). Because the court lacks jurisdiction over the Petition, it is DISMISSED without prejudice.

## I. STANDARD

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition state all available grounds for relief, the facts supporting each ground, and the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7(1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491.

//

## II. DISCUSSION

"For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (internal citation omitted). Jurisdiction for habeas petitions is established by 28 U.S.C. § 2241(a), which provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." "In [habeas] challenges to present physical confinement . . . the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *see also* Rule 2(a) of the Rules Governing § 2254 Cases. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447. That is, a petitioner must name the person "with the ability to produce the prisoner's body before the habeas court." *Id.*

First, Lee names the "IRS, U.S. Treasury, U.S. Attorneys, Dist. of Hawaii, Judge Helen Gillmore [sic], U.S. Magistrate Kevin Chang." These entities and individuals do not have the ability to produce Lee; that responsibility lies with his immediate custodian at the Clark County Detention Center. Second, Lee is

required to file this petition in the district of his confinement: the United States District Court for the District of Nevada.

Third, the Petition fails to coherently specify its grounds for relief, state any plausible facts supporting such grounds, and is not signed under penalty of perjury.  Finally, Lee has already filed a pro se motion to dismiss his federal criminal charges and another petition for writ of habeas corpus seeking dismissal of the indictment and immediate release in Cr. No. 13-0860 LEK.  *See* ECF Nos. 148, 159.  In this situation, transfer to the District of Nevada is not in the interests of justice.  28 U.S.C. § 1631; *see also Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (2001) (internal citations omitted).  For these reasons, the Petition is DISMISSED without prejudice.

### III.  CONCLUSION

To the extent a certificate of appealability is required, it is DENIED.[1] There is no doubt about the procedural posture of this case, *Gonzalez v.. Thaler*, --- U.S. ---, 132 S. Ct. 641, 648 (2012), or its lack of merit, 28 U.S.C. § 2253(c)(2).

---

[1] A certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence.  *See Porter v. Adams*, 244 F.3d 1006 (9th Cir. 2001).  Lee has not been convicted or sentenced.

The Petition and this action are DISMISSED without prejudice but without leave to amend in this court.  The Clerk of Court is instructed to terminate this action.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 31, 2013.



    /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

-------------------------------------------------------------------------------------------------------

Robin M. Lee v. IRS/U.S. Treasury, et al.; CV 13-00552 DKW-RLP; DISMISSAL ORDER

*Lee v. IRS, et al.*, 1:13-cv-00552 DKW/RLP;G:\docs\DKW shared\Pro Se Atty\RLee 13-552 dkw (2241, ven. Nev., ftsc, imp. resp.).wpd